Nott, J.,
delivered the opinion of the court:
This is an action brought to recover back $409 illegally exacted from the claimant, as he alleges, in 1862, by the collector of internal revenue for the eighth district, of Pennsylvania. The Attorney General resists a recovery on several grounds, the chief of which is this: “The collector being liable to suit for money unlawfully collected as taxes, this case falls within the reasons of the decision in. the case of Nicholl v. the United States, (7 Wallace, p. 129,) and without the jurisdiction of this court, as there defined. (Act June 30,1864, sec. 44, as amended July 13, 1866; 14 Stat. L., p. 111.”) The counsel for the claimant responds that the case of Nieholl did not arise from the internal revenue laws, and that so much of the opinion of the Supreme Court as puts a construction upon them is mere .obiter dictum.
Without expressing any intimation whatever on the point, we observe that the case is not sufficiently established by the proofs to bring up the question sought to be decided. The Act 13th July, 1866, (14 Stat. L., p. 152, sec. 19,) says:
“ That no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the Commissioner of Internal Bevenue, according to. the provisions of law in that regard, and the regulations, of the- Secre *452 tary of tbe Treasury established iu pursuance thereof, and a decision of said Commissioner shall he had thereon, unless such suit shall he brought within six months from the time of said decision, or within sis months from the time this act takes effect: Provided, That if said decision shall he delayed more than six months from the date of such appeal, then said suit may he brought at any time ivithin twelve months from the date of such appeal.”
The statute thereby gives three alternative periods within which a suit may be brought: first, six months from the time the act took effect, which is not the case, here; second, six months from the time of the Commissioner's decision, which is the ground relied upon j third, six months from a point at which the Commissioner’s decision has been 11 delayed more than six months,” which would be a period subsequent to the bringing of this action.
It is assumed by both parties that “ a decision of said Commissioner has been made,” and such is probably the fact. The record, however, merely shows that certain affidavits and certificates, dated at Beading, Pennsylvania, the 2d' and 3d September, 1868, were at some time transmitted to the Treasury Department,, and that upon them is indorsed, u examined and rejected September 8, 1868, by J. Pille.”
It does not appear what office Mr. Dille held, nor that the Commissioner ever adopted or sanctioned his decision. Nor can we sustain the suit by treating the return as evidence that no decision was made by the Commissioner upon the appeal, for the suit was brought before the decision had been “ delayed more than six months.” The suit rests entirely upon the fact of a decision having been made, and of that fact there is not sufficient evidence.
The objection not having been taken on the trial, the case will be remanded to the docket with leave, &c.